**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BYBROOK CAPITAL MASTER FUND LP,
and BYBROOK CAPITAL HAZELTON
MASTER FUND LP,

                Plaintiffs,

      v.

THE REPUBLIC OF ARGENTINA,

             Defendant.

No. 1:21-cv-02060-LAP

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

THE UNDISPUTED FACTS ................................................................................... 2

I.    The Bonds at Issue in This Action ...................................................................... 2

II.   The Republic Failed to Pay Principal or Interest When Due on the Plaintiffs' Bonds ........ 3

III.  Plaintiffs' Evidence of Holdings and Standing ................................................. 4

ARGUMENT ............................................................................................................ 5

I.    The Summary Judgment Standard ...................................................................... 5

II.   The Plaintiffs Are Entitled to Summary Judgment ............................................ 6

   A.   There is No Genuine Issue as to the Adequacy of Plaintiffs' Proof of Their Holdings ... 7

   B.   There is No Genuine Issue as to Plaintiffs' Entitlement to Recovery ............................. 7

   C.   The Republic's Affirmative Defenses Fail And Raise No Disputed Issue of Fact. ......... 9

CONCLUSION ....................................................................................................... 12

# TABLE OF AUTHORITIES

## Cases

*Ajdler v. Province of Mendoza,*
   33 N.Y.3d 120 (2019) ............................................................................................ 12

*Ali v. Mukasey,*
   529 F.3d 478, 489 (2d Cir.2008) ........................................................................... 12

*Aniero Concrete Co. v. New York City Constr. Auth.,*
   No. 94 Civ. 3506, 2000 WL 863208 (S.D.N.Y. June 27, 2000)............................. 10

*Applestein v. Republic of Argentina,*
   2003 WL 22743762 (S.D.N.Y. Nov. 20, 2003).......................................................... 3

*Bison Bee LLC v. Republic of Argentina,*
   No. 18-CV-3446-LAP, 2018 WL 8058126 (S.D.N.Y. Oct. 22, 2018)................................ 8, 11

*Bybrook Capital Master Fund LP et al. v. The Republic of Argentina,*
   Civil No. 15-2369-LAP ("*Bybrook I*") ............................................................. 4, 11, 12

*Bybrook Capital Master Fund LP et al. v. The Republic of Argentina,*
   Civil No. 16-1192-LAP ("*Bybrook II*").............................................................. 4, 11, 12

*Bybrook Capital Master Fund L.P. et. al. v. The Republic of Argentina,*
   Civil No. 1:15-cv-07367-LAP  ..................................................................................... 4

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986)..................................................................................................... 5

*Dvoskin v. Prinz,*
   613 N.Y.S.2d 654 (2d Dep't 1994)............................................................................ 6

*Elliott Assoc. v. Banco de la Nacion,*
   194 F.3d 363 (2d Cir.1999) ...................................................................................... 10

*EM Ltd. v. Republic of Argentina,*
   2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003), *aff'd*, 382 F.3d 291 (2d. Cir. 2004) ............ 3, 8

*Fan Engine Securitization Ltd. v. Deutsche Bank Tr. Co. Americas,*
   No. 19 CIV. 4318(NRB), 2019 WL 4805569 (S.D.N.Y. Oct. 1, 2019) ...................................... 6

*FFI Fund, Ltd. v. Republic of Argentina,*
   2006 WL 435734 (S.D.N.Y. Feb. 23, 2006)................................................................ 3, 7, 11

*Gelb v. Royal Globe Ins. Co.,*
   798 F.2d 38, 44 (2d Cir.1986) .................................................................................. 12

*Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina*,
2006 WL 397908 (S.D.N.Y. Feb. 17, 2006)...........................................................3, 8

*Lightwater Corp. v. Republic of Argentina*,
No. 02 CIV. 3804(TPG), 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ...................3, 8, 9, 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)..............................................................................................5

*Mazzini v. Republic of Argentina*,
No. 03–CV–8120(TPG), 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005)
*aff'd*, 282 F. App'x 907 (2d Cir. 2008)..............................................................5, 7

*MMA Consultants 1, Inc. v. Republic of Peru*,
245 F. Supp. 3d 486 (S.D.N.Y.), *aff'd*, 719 F. App'x 47 (2d Cir. 2017)................9

*NML Cap., Ltd. v. Republic of Argentina*,
No. 11 CIV. 4908 TPG, 2015 WL 3542535 (S.D.N.Y. June 5, 2015)..................7, 11

*NML Capital v. Republic of Argentina*,
17 N.Y.3d 250 (2011) ........................................................................................4, 8, 11

*Omni Quartz, Ltd. V. CVS Corp.*,
287 F.3d 61 (2d Cir. 2002) ...............................................................................6

*Pasquali v. Republic of Argentina*,
2006 WL 3316975 (S.D.N.Y. Nov. 14, 2006)..................................................3, 7, 11

*Republic of Argentina v. Weltover, Inc.*,
504 U.S. 607 (1992)..........................................................................................9

*Sabetay v. Sterling Drug, Inc.*,
506 N.E.2d 919 (N.Y. 1987)..............................................................................9

*U.S. ex rel. Romano v. N.Y. Presbyterian*,
426 F. Supp. 2d 174 (S.D.N.Y. 2006) ...............................................................5

*Valley Nat'l Bank v. Greenwich Ins. Co.*,
254 F. Supp. 2d 448 (S.D.N.Y. 2003) ...............................................................6

*White Hawthorne, LLC v. Republic of Argentina*,
No. 16-CV-1042 (TPG), 2016 WL 7441609 (S.D.N.Y. Dec. 22, 2016)................8

*Zuckerman v. Metro. Museum of Art*,
928 F.3d 186 (2d Cir. 2019) .............................................................................11

**Statutory Authorities**

28 U.S.C. § 1746............................................................................................7

N.Y. Civ. Prac. L. & R. § 213 ................................................................................ 8, 10

N.Y. Civ. Prac. L. & R. § 5001(a) ...................................................................... 4, 8, 11

N.Y. Civ. Prac. L. & R. § 5004 ........................................................................... 4, 8, 11

N.Y. Jud. Law § 489 ............................................................................................. 9, 10

## Rules and Regulations

Fed. R. Civ. P. 56(a) ................................................................................................. 1

Fed. R. Civ. P. 56(c) ................................................................................................. 5

Fed.R.Civ.P. 56(c)(1) ................................................................................................ 7

Local Rule 56.1 ......................................................................................................... 1

## Other Authorities

J. Thomas P. Griesa, Memorandum Re: Bondholder Actions Against the Republic of Argentina,
Feb. 22, 2007 (the "Griesa Memorandum") ................................................................ 5

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Local Rule 56.1, Plaintiffs Bybrook Capital Master Fund LP ("**Bybrook**"), and Bybrook Capital Hazelton Master Fund LP ("**Hazelton**," or together with Bybrook, "**Plaintiffs**") respectfully submit this memorandum of law, together with the Declaration of Matthew Drayton, signed on September 21, 2022 (the "**Drayton Decl.**"), and Plaintiffs' Statement of Material Facts Pursuant to Local Rule 56.1 in support of their motion for summary judgment against Defendant, the Republic of Argentina (the "**Republic**").

## PRELIMINARY STATEMENT

The Plaintiffs seek summary judgment on their claims on defaulted bonds issued by the Republic. The Republic failed to pay contractually-mandated principal and interest due on sovereign bonds issued by the Republic pursuant to a Fiscal Agency Agreement, dated October 19, 1994 (the "**1994 FAA**") between the Republic and Bankers Trust Company, as Fiscal Agent. Plaintiffs are beneficial owners of bonds issued pursuant to the 1994 FAA. Plaintiffs are entitled to summary judgment based on the following undisputed facts:

- Plaintiffs are the beneficial owners of the bonds at issue in the Complaint;

- the Republic declared a moratorium in December 2001 on payments of principal and interest with respect to its foreign debt, at which time the Republic ceased all payments on its external debt obligations—including the bonds owned by Plaintiffs;

- the Republic has paid Plaintiffs nothing on the bonds upon which Plaintiffs base their claims since declaring the moratorium; the Republic is therefore in default of its unconditional obligations to pay Plaintiffs on those bonds;

- none of the affirmative defenses raised by the Republic prevent the entry of judgment in favor of the Plaintiffs.

Accordingly, there are no genuine issues as to any material fact and Plaintiffs are entitled to summary judgment and the entry of a money judgment for all principal and interest currently due and payable on the bonds at issue in the Complaint.

## THE UNDISPUTED FACTS

### I.     The Bonds at Issue in This Action

Each Plaintiff is the beneficial owner of certain bonds that the Republic issued pursuant to the Fiscal Agency Agreement dated October 19, 1994.  Drayton Decl.¶ 3.  The bonds subject to the present summary judgment motions were issued pursuant to the 1994 FAA with ISIN US040114AV28 (the "**Bonds**").  Rule 56.1 ¶ 2.  The Bonds accrue interest at the rate of 9.75% per annum.  *Id.*  The stated maturity date of the Bonds is September 19, 2027.  *Id.*  But the maturity date was accelerated, and the Bonds are presently due and payable.  Rule 56.1 ¶ 10; Drayton Decl. ¶ 10.  A copy of the 1994 FAA is attached to the Complaint [Dkt. 1] as Exhibit A.

Pursuant to the 1994 FAA, the Republic expressly (1) consented to the jurisdiction of this Court (Complaint, Ex. A, § 22), (2) consented to service of process on its agent (*id.*), (3) waived sovereign immunity to the fullest extent permitted by law (*id.*), and (4) agreed that the 1994 FAA would be governed by and construed in accordance with the laws of the State of New York.  *Id.* § 23.

Section 12 of the FAA defines the following, among other things, as "Events of Default":

(a) Non-Payment: The Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues of a period of 30 days; or

\* \* \*

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

Complaint, Ex. A § 12.

Section 12 of the 1994 FAA provides that a note holder may give the Republic written notice and declare "the principal amount of such Securities held by it to be due and payable

2

immediately," together with all accrued interest upon any of the foregoing Events of Default. Complaint, Ex. A § 12.

## II.     __The Republic Failed to Pay Principal or Interest When Due on the Plaintiffs' Bonds.__

On December 24, 2001, the Republic declared a moratorium on the payment of principal and interest on all external debt of the Republic, including payments due on Plaintiffs' Bonds. Since then, the Republic has extended the moratorium in its annual budgets and refused to pay any principal or interest owed on bonds issued pursuant to the 1994 FAA. Rule 56.1 ¶¶ 7-9. The Republic's declaration is an event of default under section 12(d) of the 1994 FAA.

Thereafter, the Republic defaulted again by failing to make any payment of interest or principal on the 1994 FAA Bonds.  Rule 56.1 ¶ 9; Drayton Decl.¶¶ 7-9.  This Court has previously determined that the Republic is in default of its obligations under this same 1994 FAA by failing to pay amounts due on bonds issued thereunder.  *See*, *e.g.*, *Lightwater Corp. v. Republic of Argentina*, 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003) (granting summary judgment to beneficial owners of bonds governed by the 1994 FAA, finding that "[t]he obligations of [the Republic] on the bonds involved in these lawsuits are unconditional.  Sovereign immunity has been waived.  [The Republic] defaulted on the bonds when it ceased to pay the interest."); *Pasquali v. Republic of Argentina*, 2006 WL 3316975, at *3 (S.D.N.Y. Nov. 14, 2006); *FFI Fund, Ltd. v. Republic of Argentina*, 2006 WL 435734, at *2 (S.D.N.Y. Feb. 23, 2006); *Greylock Global Distressed Debt Master Fund, Ltd. v. Republic of Argentina*, 2006 WL 397908, at *2 (S.D.N.Y. Feb. 17, 2006); *EM Ltd. v. Republic of Argentina*, 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003), *aff'd*, 382 F.3d 291 (2d. Cir. 2004); *Applestein v. Republic of Argentina*, 2003 WL 22743762, at *3 (S.D.N.Y. Nov. 20, 2003).

III.   <u>Plaintiffs' Evidence of Holdings and Standing</u>

Plaintiffs have established that they are beneficial holders of the Bonds as evidenced by the account statements attached as Exhibit A to the Drayton Decl.[1]  Drayton Decl. ¶ 6, n1.  On March 3, 2021, the Plaintiffs sent notice to the Republic's Fiscal Agent that they were declaring the entire principal amount of the Bonds held by Plaintiffs, along with any accrued interest, to be immediately due and payable, together with any accrued and unpaid interest.  Drayton Decl.¶ 10.

Plaintiffs seek judgment for overdue principal and coupon interest, and in accordance with the holding of the New York Court of Appeals in *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250 (2011), pre-judgment interest at the statutory rate of 9% pursuant to N.Y. CPLR §§ 5001(a) and 5004 accruing on each installment of coupon interest which has come due and is unpaid. Drayton Decl.¶ 15.  The chart below summarizes the judgment amounts sought, calculated as of September 22, 2022 for each Plaintiff, along with a *per diem* interest amount for each US040114AV28 Bond included to assist the Court in calculating the amount as of the date judgment is entered:

| Plaintiff | Maturity Date | Coupon Rate | Original Principal | Coupon Interest | Overdue Interest on Interest | Judgment Amount (as of Sept. 22, 2022) | *Per diem* interest amount |
|---|---|---|---|---|---|---|---|
| Bybrook | September 19, 2027 | 9.75% | $105,000 | $81,956.88 | $27,732.13 | $214,689.00 | $48.63 |

---

[1]   On or about March 30, 2015, Bybrook and Hazelton filed an action against Argentina based upon Argentina's failure to pay principal and interest on US040114AV28 Bonds, captioned *Bybrook Capital Master Fund LP et al. v. The Republic of Argentina*, Civil No. 15-2369-LAP ("*Bybrook I*").  On or about February 16, 2016, Bybrook and Hazelton filed an action against Argentina based upon the Argentina's failure to pay principal and interest on US040114AV28 Bonds, captioned *Bybrook Capital Master Fund LP et al. v. The Republic of Argentina*, Civil No. 16-1192-LAP ("*Bybrook II*").  The face amount claimed herein represents US040114AV28 Bonds purchased by each of Bybrook and Hazelton since the filing of *Bybrook I* and *Bybrook II*. The amounts claimed here are not included in *Bybrook I* or *Bybrook II*.  Hazelton has additional beneficial holdings of US040114AV28 Bonds in a different brokerage account. Those bonds were the subject of a third action, *Bybrook Capital Master Fund L.P. et. al. v. The Republic of Argentina*, Civil No. 1:15-cv-07367-LAP.

| Plaintiff | Maturity Date | Coupon Rate | Original Principal | Coupon Interest | Overdue Interest on Interest | Judgment Amount (as of Sept. 22, 2022) | *Per diem* interest amount |
|-----------|---------------|-------------|--------------------|-----------------|------------------------------|----------------------------------------|----------------------------|
| Hazelton | September 19, 2027 | 9.75% | $105,000 | $81,956.88 | $27,732.13 | $214,689.00 | $48.63 |

## ARGUMENT

## I.    The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must view the evidence in a light most favorable to the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).  Once the movant presents evidence to support each of the elements of its claim, the burden shifts to the non-moving party "'to set forth specific facts raising a genuine issue of fact for trial.'" *U.S. ex rel. Romano v. N.Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006) (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

Ruling on motions for summary judgment brought by similarly-situated plaintiffs suing the Republic on bonds issued under the 1994 FAA, Judge Griesa previously "grant[ed] summary judgment to plaintiffs who provide (1) evidence of ownership of a particular bond, and (2) evidence specifically identifying the bond.  In most cases, a properly executed declaration and an account statement will be sufficient to prove that the bonds plaintiffs claim to own are in fact the bonds held in their account." *Mazzini v. Republic of Argentina*, No. 03–CV–8120(TPG), 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005) *aff'd*, 282 F. App'x 907 (2d Cir. 2008).  In February 2007, Judge Thomas P. Griesa set out procedures for the resolution of such cases through a streamlined summary judgment process.  *See* J. Thomas P. Griesa, *Memorandum Re: Bondholder Actions*

*Against the Republic of Argentina*, Feb. 22, 2007 (the "**Griesa Memorandum**") attached to the Drayton Decl.as Ex. B.

Summary judgment is particularly appropriate for the resolution of debt claims. *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotations omitted).  Under New York law, the holder of a debt instrument establishes a *prima facie* entitlement to summary judgment by demonstrating the existence of the debt obligation and the defendant's default.  *See Dvoskin v. Prinz*, 613 N.Y.S.2d 654, 655 (2d Dep't 1994) ("A party establishes her prima facie entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon."); *Valley Nat'l Bank v. Greenwich Ins. Co.*, 254 F. Supp. 2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties . . . . a plaintiff establishes its prima facie entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.") (internal quotations omitted).  Where, as here, the issue before the Court is the interpretation and application of an unambiguous contract, the case is appropriate for summary judgment.  *See Fan Engine Securitization Ltd. v. Deutsche Bank Tr. Co. Americas*, No. 19 CIV. 4318 (NRB), 2019 WL 4805569, at *4 (S.D.N.Y. Oct. 1, 2019) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment.") (quoting *Omni Quartz, Ltd. V. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002)).

## II.   <u>The Plaintiffs Are Entitled to Summary Judgment.</u>

The Plaintiffs are entitled to summary judgment because there is no genuine dispute that the Plaintiffs are the beneficial owners of the Bonds and that the Bonds are in default.

### A.    There is No Genuine Issue as to the Adequacy of Plaintiffs' Proof of Their Holdings.

Plaintiffs have demonstrated that they are the beneficial owners of the Bonds.  A party may generally establish a fact by citing to declarations evidencing that fact.  *See* Fed.R.Civ.P. 56(c)(1). In past cases concerning Argentinian sovereign bonds, this Court has found that the plaintiffs provided sufficient proof of their current ownership in the form of recent account statements from the financial institutions through which the plaintiffs' beneficial interests at issue are held.  *See e.g. Mazzini*, 2005 WL 743090, at *4; *NML Cap., Ltd. v. Republic of Argentina*, No. 11 CIV. 4908 TPG, 2015 WL 3542535, at *7 (S.D.N.Y. June 5, 2015); *see also* Griesa Memorandum at 5 ("Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.)").

Here, Plaintiffs have submitted a declaration in conformance with the requirements of 28 U.S.C. § 1746 establishing their ownership of the Bonds and also submitted recent account statements documenting their ownership.  *See* Drayton Decl.¶ 4, Ex. A.

### B.    There is No Genuine Issue as to Plaintiffs' Entitlement to Recovery.

Plaintiffs have established that the Republic is in breach of its payment obligations under the Bonds.  Under the terms of the 1994 FAA and well-established precedent in this District, Plaintiffs have standing to sue and are entitled to recovery for breach of the 1994 FAA.

It is undisputed that the Republic defaulted on the Bonds.  The Republic issued a moratorium on payments of principal and interest due on bonds issued under the 1994 FAA, *see NML Capital, Ltd. v. Republic of Argentina*, 2015 WL 3542535, at *6 (S.D.N.Y. June 5, 2015), and also failed to pay interest and principal on the 1994 FAA Bonds when they were due and payable.  *See* Drayton Decl.¶ 7-9.  The Republic's declaration of a moratorium and its failure to pay interest due and owing on bonds issued pursuant to the 1994 FAA constitute defaults under the 1994 FAA.  *See* Drayton Decl.¶ 10; *see also Pasquali, 2006 WL 3316975*, at *3; *FFI Fund*,

2006 WL 435734, at *2; *Greylock*, 2006 WL 497908, at *2; *EM Ltd.*, 2003 WL 22120745, at *2; *Lightwater,* 2003 WL 1878420, at *1.

Recent decisions in related cases involving 1994 FAA bonds have resolved questions about the enforceability of the bonds.  In *White Hawthorne*, 2016 WL 7441699, Judge Griesa determined that the bonds issued under the 1994 FAA are governed by the six-year statute of limitations in N.Y. C.P.L.R. § 213 (*see id.* at *10) and further ruled that:

> [i]n an action for defaulted bond payment, the six-year limitations period applies to both defaulted principal and interest.  It begins to run for each interest installment on the day payment is due and for principal on the day the bond matures. . . . In other words, a plaintiff may recover only those interest payments due within the six years prior to commencing the action . . . .

*Id*.  Thus, as the Court ruled in 2018, only claims that "fall outside of § 213's six-year statute of limitations period are [] time-barred."  *Bison Bee LLC v. Republic of Argentina*, No. 18-CV-3446-LAP, 2018 WL 8058126, at *2 (S.D.N.Y. Oct. 22, 2018), *aff'd*, 778 F. App'x 72 (2d Cir. 2019).

Furthermore, the New York Court of Appeals has determined that statutory interest, at the rate of 9% under N.Y. CPLR §§ 5001(a) and 5004, is recoverable on unpaid interest that became due upon or before the maturity or acceleration of the bond.  *See NML Capital v. Republic of Argentina*, 17 N.Y.3d 250 (2011). !

As shown above, Plaintiffs have limited their requests for judgment to claims for principal and interest on the 1994 FAA Bonds that became due within, or since, six years of the date this case was commenced.  *See* Rule 56.1 ¶ 22.  Applying the rule of *White Hawthorne*, this motion for summary judgment sets out the calculation of the amount owed as of September 22, 2022, together with a *per diem* interest amount calculation in the event judgment issues at a later date.

C.      **The Republic's Affirmative Defenses Fail And Raise No Disputed Issue of Fact.**

The Republic asserts nine affirmative defenses in its Answer filed in the action: (1) act of state doctrine; (2) lack of good faith; (3) unclean hands; (4) abuse of rights; (5) champerty under N.Y. Judiciary Law § 489; (6) statute of limitations and/or prescription period; (7) lack of standing and/or capacity to sue; (8) doctrine of laches; (9) claim preclusion  *See* Answer at ¶¶ 21-29.  None of these affirmative defenses create a genuine issue of material fact as to the Plaintiffs' entitlement to a money judgment for principal and interest due.

The Republic's first Affirmative Defense for act of state doctrine must be rejected pursuant to well-settled precedent in this Circuit.  As has already been decided in other 1994 FAA bond cases, according to Second Circuit law, the act of state doctrine cannot be a defense to Plaintiffs' claims because the Republic's failure to make payments on bonds held in other countries cannot constitute an act of state.  *Lightwater Corp.*, 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  Moreover, courts in this circuit have found that the act of state doctrine "does not . . . . apply to the purely commercial conduct of a foreign sovereign."  *MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 520 (S.D.N.Y.), *aff'd*, 719 F. App'x 47 (2d Cir. 2017).  The issuance of bonds is quintessential commercial activity.  *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 615 (1992).  *Id*.

The Republic's Second and Third Affirmative Defenses for bad faith and unclean hands must be rejected as a matter of fact.  The unambiguous terms of the 1994 FAA entitle the Plaintiffs to payment of interest due and payable.  The Plaintiffs merely seek to enforce their contractual rights to receive the principal and interest payments, and the Republic cannot use the obligation of good faith and fair dealing to create terms that are inconsistent with the other terms of the contractual relationship.  *Sabetay v. Sterling Drug, Inc.*, 506 N.E.2d 919, 922 (N.Y. 1987).

Moreover, the equitable defense of unclean hands is unavailable in actions seeking money damages, as is the case here. *See, e.g.*, *Aniero Concrete Co. v. New York City Constr. Auth.*, No. 94 Civ. 3506, 2000 WL 863208, at *10 (S.D.N.Y. June 27, 2000) ("unclean hands is 'an equitable defense to equitable claims,' not to actions at law which seek money damages") (citations omitted).

The Republic's Fourth Affirmative Defense (abuse of rights) and Fifth Affirmative Defense (champerty under N.Y. Judiciary Law § 489) are not applicable to this case and have previously been rejected in favor of bondholders seeking summary judgment in other Argentinian bond cases. In *Lightwater Corp. v. Republic of Argentina*, No. 02 CIV. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003) the court found no merit in defenses alleging an abuse of rights or New York's champerty statute, § 489 defense. As discussed in *Elliott Assoc. v. Banco de la Nacion*, 194 F.3d 363 (2d Cir.1999), § 489 only applies where the *primary purpose* of a bond purchase, to the exclusion of any other, is to enable a purchaser to commence a suit. However the statute is not violated where, as here, a bond is purchased with intent to collect on the bond. *See Lightwater Corp. v. Republic of Argentina*, No. 02 CIV. 3804 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. Apr. 14, 2003). *See* Drayton Decl.¶ 12. Moreover, although the Republic observes that there may be facts in the instant case not covered by *Lightwater*, the Republic failed to raise any such facts in its Answer.

The Republic's Sixth Affirmative Defense asserting that Plaintiffs' claims are barred by the statute of limitation and/or prescription period is inapplicable and has no merit. NY CPLR § 213's six-year statute of limitations applies to actions for defaulted bond payments. As discussed *supra* II. B. at 7-8, the six-year limitations period applies to both defaulted principal and interest and plaintiffs may only recover interest payments due within the six years prior to commencement of the action. As this Court ruled in 2018, only claims that "fall outside of § 213's six-year statute

of limitations period are [] time-barred." *Bison Bee LLC*, 2018 WL 8058126, at *2. Furthermore, the New York Court of Appeals has determined that statutory interest, at the rate of 9% under N.Y. CPLR §§ 5001(a) and 5004, is recoverable on unpaid interest that became due upon or before the maturity or acceleration of the bond. *See NML*, 17 N.Y.3d 250. Plaintiffs have limited their requests for judgment to claims for principal and interest on the Bonds that became due within, or since, the six years of the date this case was commenced.

The Republic's Seventh Affirmative Defense for lack of standing/capacity to sue has no merit. The Court has held, repeatedly, that beneficial owners of bonds have standing to sue "where the court makes a finding of current ownership." *E.g. Pasquali*, 2006 WL 3316975, at *3; *FFI Fund Ltd.*, 2006 WL 435734, at *2; *NML Cap., Ltd. v. Republic of Argentina*, No. 11 CIV. 4908 TPG, 2015 WL 3542535, at *7 (S.D.N.Y. June 5, 2015). As discussed *supra* II.A. at 7, the evidence demonstrates that the Plaintiffs are each beneficial owners of the principal amounts of the Bonds, which the Republic admitted that it issued. *See* Answer at ¶¶ 9-10; Drayton Decl. ¶¶ 3-4. Accordingly, the Republic's lack of standing Affirmative Defense is no impediment to granting the Plaintiffs' motion for summary judgment.

The Republic's Eighth Affirmative Defense asserting that Plaintiffs' claims are barred under the doctrine of laches is inapplicable. The doctrine of laches is an equitable defense available only to defendants who can show that a plaintiff "inexcusably slept on [its] right so as to make a decree against the defendant unfair" and that a plaintiff's delay in bringing an action prejudiced defendant. *Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 190 (2d Cir. 2019). Here, Plaintiffs did not "inexcusably" sleep on their rights. Plaintiffs acquired the Bonds at issue in this action after the filing of *Bybrook I* in March 2015 and *Bybrook II* in February 2016. The Bond principal, when purchased, had not yet become due. *Compare with*, *Ajdler v. Province of*

*Mendoza*, 33 N.Y.3d 120 (2019).  Plaintiffs sent notice to the Republic declaring the bonds due and accelerating the maturity date on March 3, 2021.  Drayton Decl.¶ 10.  The Complaint (Dkt. 1) was filed one week later on March 10, 2021.

Finally, the Republic's Ninth Affirmative Defense of claim preclusion is inapplicable. Issue preclusion bars successive litigation of an issue of fact or law and generally applies if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was 'actually litigated and actually decided,' (3) there was 'a full and fair opportunity for litigation in the prior proceeding,' and (4) the issues previously litigated were 'necessary to support a valid and final judgment on the merits,'" *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir.2008) (quoting *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir.1986)).  The issues in the instant action—whether Plaintiffs are entitled to payment of principal and interest on their Bonds—has not been litigated because Plaintiffs purchased their current holdings of US040114AV28 *after* the commencement of *Bybrook I* and *Bybrook II*, as detailed *supra* note 1.

## CONCLUSION

For the reasons stated above, the Plaintiffs respectfully request that this Court grant their Motion for Summary Judgment and award a money judgment to them for all principal and interest currently due and payable on the Bonds.

Dated: September 22, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

_____

 Dennis H. Hranitzky
dennishranitzky@quinnemanuel.com
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
Tel: (801) 515-7300

Debra D. O'Gorman
debraogorman@quinnemanuel.com
Laura R. Santos-Bishop
laurasantosbishop@quinnemanuel.com
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
*Attorneys for Plaintiffs Bybrook Capital*
*Master Fund LP, and Bybrook Capital*
*Hazelton Master Fund LP*